Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8013 | **DATE** | 3/13/2001 |
| **CASE TITLE** | GUMMOW vs. SNAP-ON TOOLS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Motion (61-1) for reconsideration is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 20 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | c.S. | 75 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN A. GUMMOW,

Plaintiff,

v.

SNAP-ON TOOLS, INC.,

Defendant.

No. 98 C 8013
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Before me is defendant's motion for reconsideration of my January 5, 2001 order denying the motion for summary judgment. In my order I construed the following language in claim 11 of the '186 patent:

> "[In the first position] . . . a surface of the second end [of the handle] engaging a mating surface of the wrench body so that the handle and the wrench body are in a fixed engaged force transmitting relationship."

I interpreted this language to mean that as long as the wrench handle and body surfaces are fixed and engaged while force is transmitted, the handle surface need not directly cause force transmission. Snap-On's main argument in support of its motion to reconsider is that my claim interpretation, when considered in light of the patent specification language, would render the '186 patent invalid for failure to meet one of the requirements of patentability-- the Patent Act's "enablement requirement." *See* 35 U.S.C. § 112.[1] Specifically, Snap-On says that my claim construction is too broad because there is nothing in the '186 patent specification that would

---

[1] 35 U.S.C. § 112 provides in pertinent part:
"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same. . ."

enable a person skilled in the art to make a wrench which employs indirect force transmission (say, through a pin or splines on a pin) from the handle to the wrench body.

To satisfy the enablement requirement, a patent application must adequately disclose the claimed invention to allow a person of ordinary skill in the art to make and use the invention. *See Union Pacific Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 690 (Fed. Cir. 2001). Snap-On correctly states that claims are not properly construed to have meaning or scope that would lead to their invalidity for failure to satisfy the requirements of patentability. *See Wang Laboratories, Inc. v. America Online, Inc.*, 197 F.3d 1377, 1382 (Fed. Cir. 1999). A patent which does not fulfill the enablement requirement is invalid for failure to meet a central requirement of patentability.

Turning to the '186 patent specification language, I note that it discloses two preferred embodiments, both of which share the same force transmission structure. The following language from the specification describes the manner in which force is transmitted from wrench handle to wrench body in both embodiments:

> "To render the handle angularly immovable with respect to the wrench body in the shank, the inner end of the connecting end portion 28 of the handle is defined by a surface 34 which extends in perpendicular relationship to the upper surface of neck 22 and in parallel relationship to the axis of pivot pin 24. As seen in figs. 1, 3, and 4, this handle end surface 34 is positioned in parallel contacting relationship to the shoulder face 33 of the shoulder of the case 20 of the wrench body 12 when the handle is situated in its first position."

There is no question that this specification language describes a direct force transmission structure–one in which force from the handle is transmitted from the handle surface to the wrench body surface. I understood this when I denied Snap-On's motion for summary judgment. I denied its motion *in spite of* the specification language because the rules of patent claim construction teach that a patent is not limited to the preferred embodiment in the specification.

See *Johns Hopkins University v. Cellpro, Inc.*, 152 F.3d 1342, 1361 (Fed. Cir. 1998). It was this rule of claim construction expressed in *Cellpro*, coupled with the broad language of the engagement requirement in the '186 patent, that led me to adopt Gummow's interpretation of claim 11.

Snap-On raises the issue of the "enablement requirement" for the first time in its motion to reconsider. It is not, however, entirely a new argument. Analyzing the enablement requirement does not require me to consider any issue that I have not already considered in the course of deciding claim construction. Here again, I must weigh the particular force transmission structure contained in the specification language against the rule that a patent is not limited to the preferred embodiment disclosed in the specification. I note that there is a tension between the enablement requirement, on the one hand, and the rule that courts should not require patent holders to disclose all possible embodiments in the specification, on the other. The question before me is a close one.

Defendant suggests that *Wang Laboratories, Inc. v. America Online, Inc.*, 197 F.3d 1377 (Fed. Cir. 1999) controls this case and compels me to find that I have expanded the scope of the '186 patent beyond what the specification allows. I disagree. *Wang* does indeed counsel me to be wary of broadening the scope of an embodiment lest I construe the patent in a way that violates the enablement requirement; however, *Wang* also tells me that my analysis of the enablement requirement must be case specific:

> "Whether an invention is fairly claimed more broadly than the 'preferred embodiment' in the specification is a question specific to the content of the specification, the context in which the embodiment is described, the prosecution history, and if appropriate the prior art. . .." *Wang*, 197 F.3d at 1382.

3

With this latter piece of advice in mind, I note that this patent case concerns tool design. It is not a chemistry or biotechnology patent which would require a more detailed specification to satisfy the enablement requirement. Chisum on Patents §703[7] teaches that:

> "[d]isclosure of one or a limited number of embodiments is more likely to provide sufficient enabling support for a broader, more generic claim in 'predictable' arts, such as mechanics or electronics, than 'unpredictable' arts, such as chemistry or biotechnology."

A specification for a chemical patent must be quite specific, since the slightest alteration in the specification could change the end product into something very different from what the patent language describes. *See Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361 (Fed. Cir. 1997) (plaintiff with patent for human growth hormone did not meet the enablement requirement for failure of specification to enable practice of claimed method). The purpose of the enablement requirement, which is to ensure that the public receives enabling knowledge in exchange for the patent holder's exclusive use of the invention, is fulfilled only if the specification allows use of the invention without resort to guesswork or undue experimentation.

By contrast, in mechanical cases, the specification need not spell out every detail of every possible embodiment to fulfill the purpose of the enablement requirement. Mechanical cases involve a high level of predictability. There is less danger that a specification which does not include all alternative modes will deprive the public of the information it needs to recreate at least one version of the patented idea.

Enablement is a question of law (albeit one that rests on factual underpinnings). *See Union Pacific Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 690 (Fed. Cir. 2001). I therefore find that in Gummow's patent specification, the public received a written disclosure

which would enable a person of skill in the art to recreate two embodiments of the '186 patent. This is all § 112 requires.

Defendant's motion for reconsideration is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 13 Mar 2001