# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 8013 | DATE | 3/21/2001 |
| CASE TITLE | GUMMOW vs. SNAP-ON TOOLS | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (65-1) for summary judgment on the issue of literal infringement is granted in favor of plaintiff.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | APR 05 2001 | | |
| | Docketing to mail notices. | date docketed | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | | |
| DW | courtroom deputy's initials | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STEPHEN A. GUMMOW,

     Plaintiff,

        v.

SNAP-ON TOOLS CORPORATION,

     Defendant.

No. 98 C 8013
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

By my orders of January 5, 2001 and March 13, 2001, I construed the contested claim language in this patent infringement case. Plaintiff Stephen Gummow now argues that my claim construction entitles it to summary judgment on the issue of literal infringement.

The structure of defendant's wrench is essentially undisputed. Like plaintiff's wrench, Snap-On's wrench is a ratchet wrench with a handle connected to the wrench body by a pin. In both wrenches, the handle is vertically slidable along the pivot pin so that in the second position it is freely rotatable around the wrench head. Both wrenches serve the same essential purpose—to enable a user to easily tighten or loosen a nut where space is limited.

Claim 11 has nine elements. Only two elements of claim 11 were ever in dispute.

I.    The first disputed element states:

> [In the first position] . . . a surface of the second end [of the handle]
> engaging a mating surface of the wrench body so that the handle and
> the wrench body are in a fixed engaged force transmitting relationship.



APR 0 5 2001

I interpreted this element to mean that as long as the handle and body surfaces are fixed and engaged while force is transmitted, the handle surface need not actually directly cause the force transmission.

Looking at Snap-On's wrench, I see that in the first position, the wrench handle sits atop the wrench body and is held in place by a pin. As with the Gummow wrench, when a user applies torque to the handle, force is transmitted from the handle to the wrench body through the pivot pin and through the horizontal surfaces of the handle and body. This "force transmitting relationship" is encompassed in the language of the '186 patent.

Snap-On urges me to find that (after my claim construction) there remains a question of fact as to whether the handle and body surfaces on its wrench are "fixed and engaged." Snap-On concedes that the handle and wrench body surfaces on the accused device are *in contact* while force is transmitted, but denies that those surfaces are "*fixed and engaged*" with respect to each other. Its argument goes something like this. On Gummow's wrench, the handle and body surfaces are fixed and engaged "via two detent balls" on the pin. On the accused device, however, the detent balls do not fix the handle against angular movement to the wrench body; rather, the handle and body are held in place by the splines on the pivot pin as well as the horizontal surfaces of the handle and wrench body. Consequently, Snap-On argues, there is at least a question of fact about whether the handle and body on the accused device are fixed and engaged.

Snap-On's argument about the detent balls is really a non-issue. In the first position, the handle and the body of Snap-On's wrench are angularly immovable. They are "fixed," a word which my dictionary defines as "being firmly set in position" and "not subject to change or

2

variation." The handle and body are also "engaged," in that they are "interlocked." At most, Snap-On's characterization of the operation of the detent balls on the two wrenches proves that the *manner* in which the handle and the body are held in place differs slightly from wrench to wrench. The degree to which the detent balls play a role in holding the body and handle in place on Snap-On's wrench is not a fact which would preclude summary judgment.

I considered the possibility that Snap-On would make a different argument in response to Gummow's motion for summary judgment–one which I believe would have precluded me from entering summary judgment. Snap-On might have argued that its wrench body and handle surfaces were not fixed and engaged because they were not actually touching. (Looking at the accused wrench, I see a small space between the handle and the wrench body; the bottom of the handle appears to rest on a metal lip attached to the pin). Snap-On, which has the ability to examine the device with equipment that is far better than my naked eye, waived this argument by conceding that the wrench handle and wrench body surfaces are in contact.

I find that on the accused wrench, in the first position, the handle and body surfaces are fixed and engaged while force is transmitted.

II. The only other disputed claim language concerns the "cylindrical opening" through which the pin is placed. I construed the term "cylindrical" to mean: "any shaped opening of a cylindrical surface formed by any curve, whether it be formed by sharp bends, a continuous arc, a continuous wave, or any other shape."

The Snap-On wrench handle has a round opening with beveled sides through which the pivot pin extends. Whether or not the shape of the opening is best described as jagged teeth or rounded curves is immaterial. Either way, the opening is cylindrical according to my

3

construction of this term. The Snap-On wrench has a "cylindrical opening at its second end through which the pivot pin extends."

In conclusion, I find that no limitation of the patent's claims is absent from the accused device. The case is ripe for summary judgment. Based on my interpretation of claim 11, a reasonable jury could only find that the Snap-On wrench has every element of claim 11 of the '186 patent, and therefore literally infringes on Gummow's patent.

Plaintiff's motion for summary judgment is granted.


ENTER:

James B. Zagel
United States District Judge

DATE: 21 Mar 2001